GALLICE et al. v. CRILLY.

(Circuit Court, E. D. Pennsylvania. January 31, 1906.)

No. 21.

COMPROMISE AND SETTLEMENT—CONSTRUCTION OF AGREEMENT—LIABILITY OF INDORSER OF SETTLEMENT NOTES.

Pursuant to a tripartite agreement between plaintiffs, defendant, and a third party, which was largely indebted to plaintiffs and also to defendant, the debtor executed a series of notes payable to defendant at intervals, and such notes were indorsed by defendant to plaintiffs in settlement and compromise of their claim; the agreement providing that in case of default in payment of the notes the original debt should be revived, "less any payments made in pursuance of this agreement and any collections by legal proceedings or otherwise made upon any of said notes." *Held*, that the extension of time was a sufficient consideration for defendant's indorsement, and that the agreement could not be construed to release him on default by the makers, which would render his contract of indorsement a nullity.

At Law. Trial to court on case stated.

Beck & Robinson, for plaintiff.

Thomas R. Elcock and John G. Johnson, for defendant.

HOLLAND, District Judge. In this case, the facts were agreed upon by the parties hereto, in a case stated, for the decision and judgment of the court, with the right to either party to take an appeal from the judgment entered.

On the 14th day of April, 1903, Du Vivier & Co. were indebted to Gallice & Co. in the sum of $471,926, and to Francis J. Crilly in the sum of $72,000, and at the time the assets of Du Vivier & Co. were of the value of $250,000. On that date, negotiations were pending for a compromise of the indebtedness of Gallice & Co., and at the request of Francis J. Crilly, Gallice & Co. agreed to an "amicable liquidation and compromise of their indebtedness for the sum of $75,000," $2,500 to be paid in cash, and 29 promissory notes, bearing date the 14th day of April, 1903, and each for $2,500, with interest at 3 per cent., and payable respectively on June 14, 1903, and on the fourteenth day of each of the 28 months next ensuing, to Francis J. Crilly, and by him indorsed to Gallice & Co. In accordance with the provision of a tripartite agreement entered into by these parties none of these notes were negotiated or discounted prior to their maturity. Article 4 of their agreement is as follows:

"The parties of the second part hereby agree upon the due payment by the parties of the first and third parts of all of the said notes and their due performance of the covenants and agreements herein contained, to make, execute and deliver to the parties of the first part a general release of the said indebtedness of four hundred and seventy-one thousand nine hundred and twenty-six dollars ($471,926.00); but in case of default in the payment of any of the said debt, the whole of the said debt, with interest, less any payments made in pursuance of this agreement and any collections by legal proceedings or otherwise made upon any of the said notes, shall become due and payable forthwith."

The extension of time was a sufficient consideration to hold Francis J. Crilly as indorser on these notes (Carpenter v. Bank, 106 Pa. 177);

but it is contended by him that the nonpayment by Du Vivier & Co. of the notes on which he was indorser released him under clause 4 of the agreement, and threw the plaintiff back on their original claim against Du Vivier & Co. To put such a construction upon these articles of agreement would be to hold that Crilly's indorsement was made for no purpose whatever. It is unreasonable to suppose that it was the intention of the parties to practically nullify the legal effect of Crilly's indorsement of the notes by the articles of agreement. The real intention of the transaction was to compromise his entire debt for $75,000, and, if not paid, to collect it by legal proceedings against both Du Vivier & Co. and Crilly; but in case the notes were not paid at maturity, and the plaintiffs failed to collect from either or both, then the original debt to be revived, "less any payments made in pursuance of the agreement and any collections by legal proceedings or otherwise made upon any of the notes."

The court is of the opinion, upon the facts stated, that, under the terms of the agreement, the nonpayment of the said notes by Du Vivier & Co. at the time of their maturity did not release the defendant from his liability as indorser.

Judgment will therefore be entered for the plaintiffs, Henry Gallice and Octave Gallice, copartners, trading under the firm name of Gallice & Co., and against Francis J. Crilly, the defendant, for the amount of the notes, with interest, with the right to either party to take an appeal from such judgment.